Name: GERLINDE LYNCH

Address: c/o 732 NW 29th St, Corvallis OR 97330

Telephone: c/o 541-752-1854

FILED 10 OCT 26 10:58USDC-ORE

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

| | |
|---|---|
| GERLINDE LYNCH AND ALL OTHER LINN AND BENTON COUNTY OREGON PAROLEES AND PROBATIONERS<br><br>Plaintiff,<br><br>v.<br><br>AARON McGOWAN, SUSAN SOWERS, AND ALL OTHER BENTON AND LINN COUNTY OREGON PAROLE AND PRO- BATION OFFICERS<br><br>Defendants. | **CIVIL RIGHTS COMPLAINT**<br>(42 U.S.C §1983, §1985)<br><br><br>CIVIL NO. 10-6358-TC<br>(Supplied by Clerk) |

### A. JURISDICTION

1.    Jurisdiction is proper in this court according to:

      a. ✓ 42 U.S.C. §1983
      b. ___ 42 U.S.C. §1985
      c. ___ Other (Please Specify) _____

2.    NAME OF PLAINTIFF _____ GERLINDE LYNCH _____
      IS A CITIZEN OF THE STATE OF _____ OREGON _____

      PRESENT MAILING ADDRESS: ___ c/o 732 NW 29th St ___

                                  ___ Corvallis OR 97330 ___

3.  NAME OF FIRST DEFENDANT _AARON McGOWAN_
    IS A CITIZEN OF _Albany OR_
    (City and State)

    IS EMPLOYED AS _PROBATION OFFICER_ at _LINN COUNTY OR,_
    (Position and Title if Any)       (Organization)
    Was the defendant acting under the authority or color of state law at the time these claims occurred?

    YES _X_ NO___. If your answer is "YES" briefly explain.

    _MR McGOWAN USING THE POWER OF HIS_

    _POSITION AS PROBATION OFFICER THREATENED/_

    _COERCED ME TO ILLEGALLY VIOLATE MY FEDERAL_

    _RIGHTS._

4.  NAME OF SECOND DEFENDANT _SUSAN SOWERS_
    (If applicable)

    IS A CITIZEN OF _CORVALLIS OR._
    (City and State)

    IS EMPLOYED AS _PROBATION OFFICER_ at _BENTON COUNTY OR_
    (Position and Title if Any)       (Organization)
    Was the defendant acting under the authority or color of state law at the time these claims occurred?

    YES _X_ NO___. If your answer is "YES" briefly explain.

    _MS SOWERS USING THE POWER OF HER PO-_

    _SITION AS PROBATION OFFICER THREATENED/COERCED_

    _CO-PLAINTIFF GINA VARGAS TO ILLEGALLY VIOLATE HER_

    _FEDERAL RIGHTS._

5.  NAME OF THIRD DEFENDANT _ALL OTHER LINN COUNTY OR P.O.s_
    (If applicable)

    IS A CITIZEN OF _LINN COUNTY, OR._
    (City and State)          PAROLE
    IS EMPLOYED AS _PROBATION/OFFICERS_ at _LINN COUNTY OR._
    (Position and Title if Any)       (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES _X_ NO___ . If your answer is "YES" briefly explain.

LINN COUNTY PO's are using power of their position to threaten/coerce paroler/probation-ers to violate their federal rights illegally.

6.    NAME OF FOURTH DEFENDANT _BENTON COUNTY P.O._
      (If applicable)

IS A CITIZEN OF_____BENTON   COUNTY_____
                    (city and State)

                                    OFFICERS
IS EMPLOYED AS _Parole/Probation_____ at _____ .
      (Position and Title if Any)      (Organization)
      Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES _X_ NO___ . If your answer is "YES" briefly explain.

BENTON COUNTY PO's are using the power of their position to threaten/coerce parolees pro-bationers to illegally violate their federal rights.

(Use additional sheets of paper if necessary.)

## B. NATURE OF CASE

1.    Why are you bringing this case to court?  Please explain the circumstances that led to the problem.

Plaintiff Gerlinde "Linde" Lynch is a 31 year old resident of Linn County Oregon currently on probation under Linn County Probation Officer Aaron McGowan.

Plaintiff has an express interest in the law potentially as an occupation. For this reason, she was introduced to one Jeffrey Sharp, who's legal activities have been des-cribed in this court in Richardson v Linn County (portions attached Exhibit 1). Recently

(Summer 2010) Mr. Sharp agreed to provide a room in his home to plaintiff ( who is otherwise homeless), and plaintiff agreed to help Mr. Sharp in his work locating and obtaining statements from potential witnesses' to court actions as well as some domestic work around Mr. Sharp's house.

This involved the same room and terms as Ms Lynch's predecessor, one Gina Vargas, who had been threatened with arrest by her Benton County Probation Officer Sowers should she associate with or live at Mr. Sharp's residence (Exhibits 2 and 3),a prohibition not included in Ms. Vargas court ordered terms of probation but based on disapproval of Mr. Sharp's legal and political criticism of facets of the Benton and Linn County justice system and it's employees, including aspects of Benton County Parole and Probation.

Several weeks after reporting new address to her Linn County Probation Officer Aaron McGowan, he called Plaintiff and told her that he, for the same reasons as Ms Sowers ( not related to Plaintiff's court ordered terms of probation) he disapproved of her association with Mr. Sharp, told her that she would not be allowed to live at that residence.

Earlier in the year Mr. Gary Lee Goodwin ( who had been involved in a contro-versial Benton County court case involving Mr. Sharp's "intervention") was driven home from Shutter Creek Correctional Facility in North Bend Oregon after his release on transitional leave. When his Benton County Parole Officer saw Mr. Goodwin get out of Mr. Sharp's car he warned Mr. Goodwin that he would be sent back to prison if he associated with/ lived with Mr. Sharp.

Mr. Goodwin obeyed this directive while on transitional leave but when that was

over he asked his P.O. bluntly if such a prohibition (not in Mr. Goodwin's terms of post-prison supervision) could be enforced; his P.O responded that it could not be , but he and other members of Benton County Parole and Probation disapprove of Mr. Sharp's legal and political activities.

Plaintiff now understands that no Linn County parolee or probationer will be allowed by Linn County Parole and Probation to associate with/live with Mr. Sharp for reasons as described.

Plaintiff, now homeless, intends to move back into Mr. Sharp's spare bedroom free from illegal coercion under color of state law and believes that all similarly situated individuals need legal protection from Parole and Probation Officers going outside their authority to dictate terms not in or related to the court ordered terms of probation/post prison supervision.

## C. CAUSE OF ACTION

1.  I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

    a.  (1)  Count I: _____ Right to freedom of expression/association _____

        (2)  Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.)

Aaron McGowan, under color of state law, has used his position as Probation Officer to go beyond Oregon law and impede my First Amendment rights to association and expression based on a political disliking of Mr. Sharp's legal and political activities;

Susan Sowers, Mr. Goodwin's P.O. and other P.O.s have also used color of state law to coerce other parolees/probationers hence violating their First Amendment rights similarly.

b.    (1)    Count II: _____

The illegal actions under color of state law of Aaron McGowan, Susan Sowers and others have resulted in a threat to the homeless finding housing, in my case, Gina Vargas' case and potentially others.

(2)    Supporting Facts: _____

Plaintiff has become homeless and without a position allowing me to learn the occupation of my choice (law) and risk jail or other sanctions if I return to my home at Mr. Sharp's and resume my position there due to threats under color of state law by my P. O. Aaron McGowan. Gina Vargas and others face the same situation with their Linn and Benton County Parole and Probation Officers.

### D. INJURY

1.    How have you been injured by the actions of the defendant(s)?

Aaron McGowan, under color of state law, has used his position as Probation Officer to go beyond Oregon law and impede my First Amendment rights to association and expression based on a political disliking of Mr. Sharp's legal and political activities; Susan Sowers, Mr. Goodwin's P.O. and other P.O.s have also used color of state law to coerce other parolees/probationers hence violating their First Amendment rights similarly.

The illegal actions under color of state law of Aaron McGowan, Susan Sowers and others have resulted in a threat to the homeless finding housing, in my case, Gina Vargas' case and potentially others.

Plaintiff has become homeless and without a position allowing me to learn the occupation of my choice (law) and risk jail or other sanctions if I return to my home at Mr. Sharp's and resume my position there due to threats under color of state law by my P. O. Aaron McGowan. Gina Vargas and others face the same situation with their Linn and Benton County Parole and Probation Officers.

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action or otherwise relate to the conditions of your imprisonment? YES_____ / NO _✗_ . If your answer is "YES," describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)

2.  Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES____ / NO _✗_ . If your answer is "YES" briefly describe how relief was sought and the results.   If your answer is "NO" explain why administrative relief was not sought.

Plaintiffs have not sought administrative relief as such avenue does not appear open; Linn County ( and Benton County) Parole and Probation seems uniform in their disapproval and hatred of Mr. Sharp so such administrative efforts (if they existed) would be futile.

### F. REQUEST FOR RELIEF

1.  I believe that I am entitled to the following relief:

Plaintiffs seeks Declaratory and Injunctive Relief freeing her and others similarly situated from the uncertainty of threats of arrest and other sanctions should we engage in federal protected activities (freedom of expression, association and choice in housing) not prohibited by parolees and probationers court ordered "conditions of probation/post prison supervision" in the form of a Declaration of Law clarifying Plaintiffs federally protected rights in the circumstances described.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at _Albany, OR_ on _October 25_ 20 _10_.
(Location)          (Date)

Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BILLY RICHARDSON,

               Plaintiff,

    v.

COUNTY OF LINN, OR, STATE OF
OREGON,

               Defendants.

No.  CV-08-6082-HU

FINDINGS & RECOMMENDATION

Billy Richardson
6605575
Santiam Correctional Institution
4005 Aumsville Highway SE
Salem, Oregon 97317

    Plaintiff Pro Se

Starla J. Goff
SMITH FREED EBERHARD PC
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204

    Attorney for Defendant Linn County

HUBEL, Magistrate Judge:

    Pro se plaintiff Billy Richardson brings this 42 U.S.C. § 1983 action against defendant Linn County, alleging a violation of his

1 - FINDINGS & RECOMMENDATION

EXHIBIT 1

First Amendment rights.[1] Both parties move for summary judgment. For the reasons explained below, I recommend that plaintiff's motion be granted in part and denied in part, and that defendant's motion be granted in part and denied in part.

                              BACKGROUND

On May 25, 2007, plaintiff was arraigned in Linn County on criminal charges. At the time, attorney David Delsman was appointed counsel for plaintiff. Plaintiff was incarcerated at the Linn County Jail. Delsman remained plaintiff's counsel in connection with the criminal charges until approximately August 21, 2007, a few days before plaintiff's release from the Linn County Jail on August 24, 2007.

On September 26, 2007, William L. Ghiorso began representing plaintiff on the criminal charges. On January 22, 2008, Ghiorso withdrew as counsel. Plaintiff returned to the Linn County Jail on February 1, 2008, and Kirk Tibbetts was appointed as plaintiff's counsel on that date. On February 28, 2008, Janet Boytano was substituted for Tibbetts and was appointed to represent plaintiff.

During his initial incarceration at the Linn County Jail, from May 25, 2007, until August 24, 2007, plaintiff was in contact with Jeffrey Sharp, whom plaintiff describes as a "non-attorney who for personal reasons has taken an interest in the legal plight of the indigent 'actually innocent.'" Pltf's CSF at ¶ 9. Plaintiff's undisputed description of Sharp's work is that Sharp "does not charge for services nor claim special legal skills but will do

---

[1] Plaintiff named the State of Oregon in his original Complaint, but dropped the State in his Second Amended Complaint filed June 16, 2008.

2 - FINDINGS & RECOMMENDATION

'legwork' investigations in the local underworld then provide such information to attorneys." Id.

Plaintiff met with Sharp in early July 2007 and requested that Sharp contact potential defense witnesses listed by plaintiff and obtain statements from them. He contends that Delsman, his court-appointed attorney at the time, had not done this. Plaintiff and Sharp also discussed plaintiff's rights to pre-trial discovery and to effective attorney representation. According to plaintiff, because Sharp was not an attorney, Sharp planned to send plaintiff copies of "authoritative caselaw" on these issues.

Following the meeting, Sharp obtained sworn statements from most of the witnesses named by plaintiff. Plaintiff states that these affidavits were filed with the court, and sent to Delsman and the State. Copies were also sent to plaintiff in the Linn County Jail. Sharp also mailed Delsman and plaintiff copies of cases, and "other court filings" that plaintiff states may have been helpful to his case.

These mailings from Sharp to plaintiff while he was incarcerated in the Linn County Jail were confiscated by jail staff and returned to Sharp. Some were returned because they related to the alleged victim in plaintiff's criminal case and violated the jail's policy prohibiting delivery of mail related to a victim or a victim's family. Other documents were returned based on defendant's policy that legal-related mail must be sent by the inmate's counsel.

Towards the end of August, about one week after Delsman was no longer representing plaintiff, Delsman supplied the jail with the materials that Sharp had sent. The jail then provided the

3 - FINDINGS & RECOMMENDATION

requested a free notary, and that he was told he could bring a notary in at any time. Thus, the factual basis for plaintiff's claim that he was denied a notary when he was indigent, is not supported by the record.

Additionally, plaintiff fails to establish, or create a genuine issue of material fact regarding, an actual injury as a result of defendant's denial of his free notary request. See Casey, 518 U.S. at 349-51 (claim of denial of access to the courts must allege an actual injury); Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998) (to state a claim for denial of access to the courts, plaintiff must allege an actual injury). Actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Casey, 518 U.S. at 348 (internal quotation omitted). Here, plaintiff presents no evidence of any actual injury caused by defendant's failure to provide a free notary.

As to the claim that defendant violated his right of access to the courts by not providing free postage for legal mailings to an indigent inmate, defendant asserts that there is no evidence that such postage was denied to plaintiff while he was indigent. In response, plaintiff fails to submit any evidence of defendant's rejection of postage for legal mail at any time, whether he was indigent or not. Additionally, as with the notary, he fails to establish any kind of actual injury.

The remaining claim requires more discussion. Plaintiff argues that defendant's failure to deliver the "legally important mail" sent to him by Sharp violated his First Amendment rights. It is unclear if plaintiff views defendant's conduct as a violation of

7 - FINDINGS & RECOMMENDATION

his right of access to the courts, or his right to free expression. Because plaintiff considers the documents sent to him by Sharp to be "legally important" material, he suggests that his claim is based on his constitutional right to access the courts.

However, in his materials filed in opposition to defendant's motion, and filed in support of his own motion, plaintiff refers to the First Amendment rights of Sharp, the sender of the material. This suggests that a more general right of free expression is at issue. While plaintiff may not assert a claim based on a violation of Sharp's First Amendment rights, plaintiff may nonetheless bring a free expression claim on his own behalf related to receiving mail.

Ordinarily, "a plaintiff may only bring a claim on his own behalf, and may not raise claims based on the rights of another party." Pony v. County of Los Angeles, 433 F.3d 1138, 1146 (9th Cir. 2006) (discussing standing requirements). However, as the Ninth Circuit noted in Morrsion v. Hall, 261 F.3d 896, 906 (9th Cir. 2001), the "Supreme Court has repeatedly recognized that restrictions on the delivery of mail burden an inmate's ability to exercise his or her First Amendment rights." (citing Procunier v. Martinez, 416 U.S. 396 (1974), Thornburgh v. Abbott, 490 U.S. 401 (1989)). Thus, I consider the claim as implicating plaintiff's free expression rights as well as his right to access the courts.

To the extent plaintiff argues that defendant violated his right of access to the courts, he fails to establish his claim, or create an issue of material fact precluding the entry of summary judgment to defendant on this claim. First, as noted above, he was represented by court-appointed counsel (to whom Sharp also sent the

8 - FINDINGS & RECOMMENDATION

suppliers of publications and its provision of a prison law library. Id.

The Guajardo court said nothing about a prison's interest in fostering or maintaining the relationship between an inmate and his or her counsel. It did not, contrary to defendant's assertion, indicate that a prison could lawfully restrict "legal materials" sent by non-publishers. Its holding was clearly limited to the sending of legal publications such as books and manuals to inmates. The court did not address the sending by non-attorneys of non-publication legal materials.

Defendant cites to no other authority in support of its position that it has a legitimate penological interest in maintaining the relationship between an inmate and counsel. I have found none. Moreover, I cannot, in the absence of authority, understand what legitimate penological interest a prison would possibly have in fostering the attorney-inmate relationship. Prisons have many legitimate concerns, but whether an inmate has a relationship with a lawyer, or a particular lawyer, is not one of them. I reject defendant's unsupported assertion that it has a legitimate penological interest in maintaining an inmate's relationship with counsel. Thus, I need not proceed further with the remaining factors of the Turner analysis. Defendant's former regulation as to the non-victim-related materials in this case, violated plaintiff's First Amendment free expression rights.

Although, to sustain his access to the courts claim, plaintiff has to show actual prejudice to existing or contemplated litigation to establish the particular type of actual harm required by Casey, that actual prejudice is not required for his free expression

15 - FINDINGS & RECOMMENDATION

claim. Plaintiff has sufficiently created an issue of material fact on damages related to this claim by stating in his declaration that he desired the information from Sharp in order to decide whether to accept a plea offer or go to trial, and whether to replace or keep Delsman, Pltf's Declr. at p. 3, and by arguing that he suffered harm from being in "limbo" as a result of this "'black-out' of information" from Sharp. Nonetheless, plaintiff fails to put forth evidence capable of establishing his requested $20,000 in damages for this claim. Thus, at this point, I recommend granting plaintiff's motion only as to the liability portion of his free expression First Amendment claim, and only as to the non-victim related documents, and denying his motion as to the damages he seeks on this claim.

Finally, defendant moves to strike several statements made by plaintiff in his declaration and made by Sharp in his declaration. I deny the motion to strike as moot as I did not consider or rely on any of the challenged statements in resolving the motions.

## CONCLUSION

I recommend that defendant's motion for summary judgment (#36) be granted as to all claims except for the portion of the free expression First Amendment claim related to non-victim documents, and that defendant's motion be denied as to all aspects of that claim. I further recommend that plaintiff's motion for summary judgment (#43) be denied as to all claims, except for the liability portion of his non-victim-related free expression First Amendment claim, and that the motion be denied as to the damages requested on that claim. Defendant's motion to strike (#50) is denied as moot.

/ / /

16 - FINDINGS & RECOMMENDATION

Case 3:08-cv-06082-HU    Document 55    Filed 07/13/10    Page 1 of 2    Page ID#: 258

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BILLY RICHARDSON,

       Plaintiff,

    v.                             ORDER

COUNTY OF LINN, OR, STATE OF        Civil No. 08-6082-HU
OREGON,

       Defendants.

HAGGERTY, District Judge:

Magistrate Judge Hubel referred to this court a Findings and Recommendation [53] in this matter. The Magistrate Judge recommends that defendant's Motion for Summary Judgment [36] be granted as to all claims except for the portion of the free expression First Amendment claim related to non-victim documents, and that defendant's motion be denied as to all aspects of that claim. The Findings and Recommendation further concluded that plaintiff's Motion for Summary Judgment [43] be denied as to all claims, except for the liability portion of his non-victim-related free expression First Amendment claim, and that the motion be denied as to the damages requested on that claim. Defendant's Motion to Strike [50] was denied as moot.

1  - ORDER

F    ON COUNTY COMMUNITY CORRECTIONS
18  NW 5th Street, Corvallis, OR 97330

REPORT: Probation Violation

DATE: July 7, 2010

BY:  SUSAN SOWERS
     Parole & Probation
     Officer   766-6225
     Caseload No. 8212

IDENTIFYING DATA:

Name: VARGAS, GINA THERESA          Age: 31  DOB: 08/13/1978   SID: 16304311

Residence:  TRANSIENT, CORVALLIS, OR 97330

Crime:  1. DRIVING INTOXICATED  2. DELIVERY OF METHAMPHETAMINE  3. POSSESSION OF METHAMPHETAMINE

Expiration Date: 1. 05/10/2011 2. 03/16/2012 3. 10/22/2010

County/Docket No.: 1. BENT TM0920359/01  2. BENT CM0921464/01 3. BENT CM0921189

Judge: 1. LOCKE A. WILLIAMS  2. JANET S. HOLCOMB  3. POST-PRISON SUPERVISION

Custody Units Imposed:      Units Used:      Units Remaining:

| | Units Imposed | Units Used | Units Remaining |
|---|---|---|---|
| 1. BENT TM0920359/01 | N/A | N/A | N/A |
| 2. BENT CM0921464/01 | 120/60 | 0/0 | 120/60 |
| 3. BENT CM0921189 | PPS | 10/50 | PPS |

II.  SUPPLEMENTAL DATA:

A.   Allegations:

1.  Gina Theresa Vargas violated General Condition number 2, "Not use or possess controlled substances except pursuant to a medical prescription," in that the Defendant used controlled substances.

2.  Gina Theresa Vargas violated General Condition number 4, "Participate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator if there are reasonable grounds to believe there is a history of substance abuse," in that the Defendant failed to participate in substance abuse treatment as directed.

3.  Gina Theresa Vargas violated General Condition number 15, "Report as required and abide by the direction of the supervising officer," in that the Defendant failed to report and abide by the direction of the supervising officer.

EX- 2A

- PROBATION
resa

Substantiation of Allegations:

1. On 6/1/10, Vargas submitted a urine sample which tested positive for the presence of methamphetamine. On 6/18/10, Vargas admitted to writer that she had used methamphetamine and alcohol in the early morning hours of 6/16/10.

2. On 1/11/10, Vargas was directed to enter alcohol and drug counseling at New Beginnings Treatment Center. She attended orientation on 1/20/10. In February, Vargas was allowed to put the program on hold temporarily while she attended to her terminally ill father in California. She was directed to resume counseling immediately upon her return. On 2/24/10, Vargas had returned to Corvallis and was assigned counselor Jon Sears. On 3/3/10, Vargas stated she had not heard from her counselor yet. Writer directed her to contact him. On 3/16/10, writer spoke with John Sears, who advised that he had been trying to contact Vargas but was unable to get in contact with her by phone or leave a message. On 3/19/10, writer directed Vargas to report to New Beginnings on 3/24/10 at 1pm. Vargas attended and was scheduled for an assessment on 4/8/10. Vargas attended this assessment and was scheduled to return on 4/13/10. Vargas failed to attend. Counselor Marcus Benton advised that he left several messages trying to contact her, but had not heard back. On 4/26/10, Counselor Benton advised that he had not been able to contact Vargas since 4/8/10. On 5/18/10, Vargas was released from serving a twenty-day jail sanction for absconding supervision. At 1:45pm, writer directed Vargas to meet with Counselor Benton that same day at 3pm. Vargas failed to show at 3pm, instead she reported late at 3:40pm. Counselor Benton did not have time to meet with her and told her to return on 5/20/10 at 10am. Vargas failed to show or make contact with the counselor. On 5/26/10, writer met with Vargas and walked her to New Beginnings to meet with Counselor Benton. Benton agreed to give Vargas one last chance to participate in treatment and scheduled an appointment with her for 5/28/10. Writer advised Vargas that failure to follow through with treatment would result in a citation to return to court for probation violation proceedings. Vargas attended the appointment on 5/28/10, and 6/01/10. On 6/17/10, Counselor Benton advised he had not had any contact with Vargas since 6/1/10. Vargas's case was closed as non-compliant.

3. In September of 2009, Vargas was evicted from her apartment. Vargas stayed with her mother for several months, but due to their volatile relationship, she has been transient since the beginning of 2010, staying with various friends. On several occasions, including 1/20/10, 2/5/10, 3/10/10, 3/19/10, 4/2/10, Vargas had been directed to report any change in address with in 24 hours. On 5/18/10, Vargas was released from custody after serving a sanction for absconding supervision. Vargas proposed staying with Jeff Sharp. Writer informed Vargas this was not an approved residence and she was not allowed to live there. Vargas was again directed to report where she would be staying, but she failed to do so. On 5/26/10, Vargas reported a half hour late for her scheduled office appointment. She admitted that she had failed to report where she had been staying. Vargas was again directed to report any change in address immediately and to check in with writer in person every Wednesday by 11am. Vargas failed to report on 6/2/10, 6/9/10 and 6/16/10. On 6/18/10, writer met with Vargas. On her monthly report she reported her residence as "Couch Suffin." She admitted that she had failed to report as directed and failed to provide information on where she had been staying.



**BENTON COUNTY COMMUNITY CORRECTIONS
ACTION PLAN**

180 N.W. 5TH STREET
CORVALLIS, OR 97330
(541) 766-6887

Action plan for month of: _May/June_    Date: _3/18/10_

Client: _Vargas, Gina_    PO: _Souers_

Return this form to your next scheduled appointment on: _Wednesday May 26, 2010 @ 9:30 am_

**ACTIVITIES FOR THIS REPORT PERIOD**

| | | VERIFICATION REQUIRED | | COMPLETED | | |
|---|---|---|---|---|---|---|
| | | YES | NO | YES | NO | DATE |
| 1. | Follow Goal list | ☐ | ☐ | ☐ | ☐ | ___ |
| 2. | Report where you are living | ☐ | ☐ | ☐ | ☐ | ___ |
| 3. | Be at New Beginnings today at 3pm to meet w/ Markus | ☐ | ☐ | ☐ | ☐ | ___ |
| | -ok to get personal belongings | | | | | |
| 4. | Do not associate w/ Jeff Sharpe or persons engaged in criminal activities/drugs | ☐ | ☐ | ☐ | ☐ | ___ |

Client: _Gina Vargas_

GERLINDE LYNCH AND ALL OTHER
LINN AND BENTON COUNTY OREGON
PAROLEES AND PROBATIONERS
Plaintiff,

v.

AARON McGOWAN, SUSAN SOWERS,
AND ALL OTHER BENTON AND LINN
COUNTY OREGON PAROLE AND PRO·
BATION OFFICERS

Defendants.

MOTION TO CERTIFY AS CLASS
ACTION UNDER FRCP RULE 23

CASE NUMBER:

MOTION FOR APPOINTED COUN-
SEL UNDER FRCP RULE 23 (g).

DELARATION OF LINDE LYNCH
IN SUPPORT OF THIS MOTION

Plaintiff Gerlinde Lynch moves this court to certify this claim as a class action

insofar as it meets the requirements of FRCP Rule 23 to do so.

Plaintiff Gerlinde Lynch also moves this court for appointment of attorney to

represent plaintiffs as a class as per FRCP Rule 23 (g).

The Complaint and attachments sets down sworn facts supporting such application

of FRCP Rule 23 to this case and additionally the indigence of Plaintiff Lynch and the

general indigence of the plaintiff class.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above
action, that he/she has read the above document and that the information contained therein is true
and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at Albany, OR ___ on October 25 2010.
   (Location)     (Date)

Gerlinde Lynch
c/o 732 NW 29th Street
Corvallis OR 97330